**EDNER v. MATHEWS.**

No. 1769.

District Court, W. D. Pennsylvania.

April 30, 1942.

Lisle D. McCall, of DuBois, Pa., and A. E. Kountz, of Pittsburgh, Pa., for plaintiff.

P. K. Motheral and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., and Albrecht, Maguire & Mills, of Buffalo, N. Y., for defendant.

SCHOONMAKER, District Judge.

This is an action by plaintiff to set aside and cancel the transfer of one thousand shares of stock of Mill Creek Gas and Oil Company, a Pennsylvania corporation, from bankrupt to George B. Mathews, as fraudulent under the fraudulent conveyance statutes of Pennsylvania and New York. The defendant died February 4, 1942, and the plaintiff has moved to substitute, as a party defendant, Jennie R. Mathews, his executrix under appointment of the Surrogate's Court of Erie County, New York.

The motion is based on Section 778, Title 28 U.S.C.A., which provides: "When either of the parties, whether plaintiff or petitioner or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment. * * *"

In our opinion, the cause of action sued upon in the instant case is one in which the action survived the death of George B. Mathews, and therefore may be revived against his executrix. See Luster v. Martin, 7 Cir., 58 F.2d 537; Sullivan v. Associated Billposters & Distributors, 2 Cir., 6 F.2d 1000, 42 A.L.R. 503.

It may be noted that George B. Mathews in his lifetime moved to quash the service of the summons and complaint upon, or account of lack of jurisdiction in this court, and that upon hearing, Judge Gibson denied this motion. See his opinion and order filed herein on February 5, 1942.

As defendant's counsel have indicated in their brief on the present motion, their desire is to move to dismiss the action under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that this action is not within the purpose of Section 778, Title 28 U.S.C.A. We will not now pass on that question,

but will merely grant plaintiff's motion to substitute Jennie R. Mathews, executrix of George B. Mathews, deceased, as a party defendant. An order may be submitted accordingly.